# Exhibit 2

# The Atlantic

December 4, 2020

**Federal Rule of Evidence 408**
**Confidential - Not for Publication or Attribution**

VIA EMAIL
Jonathan Lyons
Lyons & Sally Law LLP
Email: ███████████

Re:   Ruth Barrett Article in The Atlantic

Dear Jonathan,

I am legal counsel for The Atlantic Monthly Group LLC ("The Atlantic"). We understand that Ms. Barrett has engaged your law firm to represent her in obtaining the dramatic rights to "Mad, Mad World of Niche Sports Among Ivy League-Obsessed Parents" (the "Article"). Your email was forwarded to me because your inquiry concerns a legal dispute: Ms. Barrett breached her contract with The Atlantic and caused us significant, irreparable harm.

Any attempt to market, option, publicize, develop, or exploit the dramatic rights in the Article will compound the irreparable harm that Ms. Barrett's breach of contract inflicted on The Atlantic. We reject your request to renegotiate the development of dramatic rights to this retracted Article, and strongly oppose this effort.

Almost a year ago, on December 30, 2019, Ms. Barrett executed an Author's Agreement with The Atlantic ("the Contract"). For over ten months, in reliance on Ms. Barrett's representations in the Contract, the Atlantic invested considerable resources and personnel to scope, revise, fact-check, produce, and finalize the Article for publication in the November 2020 issue of *The Atlantic*. The Atlantic accepted and published the Article and paid her a US $13,000 fee, calculated from the Contract's agreed rate of $2/word.

We upheld our side of the Contract; Ms. Barrett violated hers. Shortly after publishing the Article, on October 30, 2020, Ms. Barrett acknowledged that she included a fabrication in the Article, and that she was complicit in deceiving our editors, fact-checkers, and readers. Moreover, a source in the Article claimed that Ms. Barrett coerced that source to lie to our fact-checking department as a condition for protecting the source's anonymity. Faced with this extraordinary admission of journalistic malpractice from an author and admission of dishonesty from a source, our editors were forced to retract the piece in full on November 1, 2020.[1]

Ms. Barrett breached her representations under her Contract's terms 4, 6(b), 6(c), 6(d), and 6(e). She also violated the core promise underlying any journalist's work product: a commitment to tell the truth.

Ms. Barrett's breach of contract and journalistic malpractice materially and irreparably harmed The Atlantic by damaging our most valuable asset: our readers' trust. This harm is material because it compromises the loyalty of our subscribers, advertisers, and underwriters. Loss of trust also undermines our recruitment and retention of talented journalists who rely on The Atlantic to protect the publication's reputation as a reflection of the contributors' integrity. As an advocate for Lyons & Sally Law firm clients that write for *The Atlantic*, we hope you can appreciate how seriously we take our responsibility to protect our writers, and why it's critical that we prevent further development and exploitation of this Article.

If Ms. Barrett seeks to exploit the retracted Article's dramatic rights, she will amplify the visibility and impact of the reputational damage that her breach inflicts on our publication and its contributors. When we originally published this Article and believed it to be true, we invested significant resources towards its success and development potential. But Ms. Barrett sabotaged the development potential of the Article when she chose to lie. Any attempt to breathe life back into this retracted Article will reinvigorate the controversy surrounding Ms. Barrett's journalistic malpractice conducted under The Atlantic's name. We intend to vigorously oppose any attempt by Ms. Barrett to compound that harm.

The Atlantic expressly reserves all rights, claims, and defenses available in law and equity, including but not limited to the right to seek reimbursement for the $13,000 Article fee, compensatory damages, special damages, and injunctive relief. Please also

---

[1] https://www.theatlantic.com/magazine/archive/2020/11/squash-lacrosse-niche-sports-ivy-league-admissions/616474/

notify your client that she is obligated to preserve all records, documents, communications, and correspondence concerning her history with The Atlantic and her reporting on the Article.

If you wish to discuss this further, you are welcome to contact me to arrange for a call at ███-███.

                Sincerely,

                Allison E. Prevatt
                Assistant General Counsel
                The Atlantic Monthly Group LLC